O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE MAGANA, | ) | Case No. CV 06-01167-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

### I. Introduction

Plaintiff Jacqueline Magana ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB"). In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

1  In the JS, Plaintiff contends that the Appeals Council erred by
2  failing to properly consider the September 2005 opinion of her treating
3  physician, Ronald Schilling, M.D.  The Commissioner disagrees.

**II.  Discussion**

Dr. Schilling, a pain specialist, began treating Plaintiff in August 2000 for work-related injuries to her neck, left shoulder, left hand, and bilateral forearms and wrists. (Administrative Record ("AR") at 147, 151-52).  In August 2001, Dr. Schilling issued a primary treating physician permanent and stationary evaluation. (AR at 151-59). Dr. Schilling diagnosed Plaintiff with cervical sprain/strain, lumbosacral sprain/strain, left shoulder sprain/strain/tendonitis, bilateral wrist extensor tendonitis, and bilateral carpal tunnel syndrome. (AR at 156). Dr. Schilling concluded that Plaintiff had lost approximately 50 percent of her pre-injury capacity for lifting, pushing, pulling, grasping, pinching, holding, torquing, performing activities requiring finger dexterity and other activities of comparable physical effort, and that Plaintiff was restricted to "light work" with respect to her cervical spine. (AR at 158). Dr. Schilling also found that Plaintiff needed to avoid above shoulder level work, "heavy work" with respect to her lumbar spine, and fixed head and neck positions. (AR at 158).  In August 2003, Dr. Schilling completed a residual functional capacity questionnaire and assessed Plaintiff with the ability to lift and carry ten pounds occasionally and less than ten pounds frequently, and stand/walk less than two hours in an eight-hour workday. (AR at 149-50). Dr. Schilling further found that Plaintiff was precluded from climbing, balancing, stooping, kneeling, crouching, crawling, and performing work involving heights, moving machinery, extreme temperatures, exposure to dusts or chemicals, fine manipulation,

and more than infrequent handling and reaching. (AR at 150).

On March 24, 2005, the ALJ issued a decision rejecting Dr. Schilling's assessment of Plaintiff's residual functional capacity. (AR at 20-21). Relying on the findings and opinions of the orthopedic consultative examiner and state agency medical consultant, the ALJ concluded that Plaintiff was capable of performing light work, but was restricted from engaging in repetitive gripping and fine manipulation. (AR at 21, 261-75). The ALJ also noted that Plaintiff's prior work involved lifting 25 to 50 pounds and that a 50 percent loss in Plaintiff's lifting ability was consistent with the ability to perform light work. (AR at 20).

While Plaintiff's request for review of the ALJ's decision was pending, Plaintiff submitted a new report from Dr. Schilling, dated September 26, 2005 to the Appeals Council. In addition to noting Plaintiff's medical problems (cervical sprain/strain, cervical discopathy, cervical radiculopathy, thoracic sprain/strain, lumbar sprain/strain, lumbar discopathy, lumbar radiculopathy, bilateral carpal tunnel syndrome, and bilateral shoulder impingement syndrome), Dr. Schilling found that Plaintiff's work restrictions had increased since August 2003. (AR at 366-67). Specifically, Dr. Schilling opined that Plaintiff had lost *75 percent* of her pre-injury capacity with respect to the use of her upper extremities, was limited to "light work" with respect to her cervical spine, and needed to avoid fixed head and neck positions, "heavy work" with respect to her lumbar spine, and above shoulder level work bilaterally. (AR at 366-67).

The Appeals Council must consider "new and material evidence" which was not presented to the ALJ "if [the evidence] relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. §

404.970(b). When the new and material evidence is the opinion of a treating physician, the Appeals Council must give specific, legitimate reasons before rejecting the opinion. *Ramirez v. Shalala*, 8 F.3d 1449, 1452-53 (9th Cir. 1993)(holding that both the ALJ and the Appeals Council failed to give "any reason--let alone a 'specific, legitimate' reason based on substantial evidence" for rejecting the treating physician's opinion regarding the claimant's medical condition).

In this case, the Appeals Council summarily dismissed Dr. Schilling's September 2005 report, noting simply that the new evidence did "not provide a basis for changing the Administrative Law Judge's decision." (AR at 5-6). Because the Appeals Council's cursory discussion does not constitute specific, legitimate reasons for disregarding Dr. Schilling's opinion, *Ramirez*, 8 F.3d at 1452-53, the Appeals Council's decision to deny Plaintiff's application was unsupported by substantial evidence.[1]

\\
\\

---

[1] The Court notes that while Dr. Schilling examined Plaintiff and issued his report several months after the ALJ's March 2005 decision, Dr. Schilling cited diagnostic studies from the relevant time period (*i.e.*, abnormal MRIs of Plaintiff's cervical spine, lumbar spine, shoulders and right wrist from March 2004 and abnormal nerve conduction velocity studies of Plaintiff's bilateral upper extremities from November 2003) as objective evidence of Plaintiff's disability. (AR at 282-88, 300, 302-09, 363-65). *Cf.* 20 C.F.R. § 404.970(b)("Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision"). In addition, the Court finds that Dr. Schilling's report was material, as it suggests that Plaintiff's work-related restrictions had become more severe during the period at issue. 42 U.S.C. § 405(g); *see also Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001)("[t]o be material under section 405(g), the new evidence must bear directly and substantially on the matter in dispute" and there must be a "reasonable possibility that the new evidence would have changed the outcome of the administrative hearing")(citations and quotation marks omitted).

**III.  Conclusion**

  For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.  Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for evaluation of the September 2005 opinion of Dr. Schilling.

DATED:   November 14, 2006      MARC L. GOLDMAN
                 _____
                 MARC L. GOLDMAN
                 United States Magistrate Judge